# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA

    v.                      CRIMINAL NO. 2005-10152-DPW

RAUL RIOS,
        Defendant.

## *MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, U.S.M.J.

    The defendant appeared on June 23, 2005 with counsel; counsel indicated that when the defendant's state sentence was completed and he was brought into federal custody on the above-styled cause, the defendant would agree to be detained without prejudice. The defendant was recently released from state custody, and, accordingly, appeared before the Court this date. His attorney, due to a serious personal matter concerning a member of his family, was unable to be present. However, at the hearing, the defendant reiterated

what his counsel had said on June 23rd, i.e., that the defendant consented to be detained without prejudice.

In view of the nature of the charge, I find that there are no conditions or combination of conditions which will reasonably assure the defendant's appearance and the safety of other persons and the community.  Accordingly, pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the above-styled Indictment.  Pursuant to 18 U.S.C. § 3142(e), my general finding is contained *supra*.   Since detention in this case is not contested, at least as of the time of the detention hearing, I do not make any subsidiary findings and conclusions at this time.  Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

> (1)  The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
>
> (2)  The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
> (3)  On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. Sec. 3145(b).

This order is without prejudice to the defendant filing a motion at any time seeking a full detention hearing and the setting of conditions of release at any time in the future regardless of whether there have been changed circumstances. If such a motion is filed, the Court will conduct the full detention hearing at its earliest convenience.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

Date:  July 25, 2005.